Opinion of the court, by
Judge Burnet :
The declaration filed in this'case contains two counts : one on a covenant of seizin — the other on a covenant of general warranty. *321 The defendant has craved oyer of the deed, and demurred generally, and contends:
1. That the deed does not contain a covenant of seizin.
2. That the action can not be sustained against the defendant in his private character, but as executor only, if it can be sustained at all.
3. That the second count being founded on a covenant of general warranty ought to contain an averment of eviction.
4. That there is a material variance between the declaration, and the deed on which it is founded.
1. That part of the deed which is set out and relied on as containing a covenant of seizin is insensible and contains no covenant, or undertaking of any description. If any meaning can be attached to it, it is, that the defendants covenant.for the heirs of G. Brown, that some person not named is the true and lawful owner of the premises; and to make out even that meaning, it will be necessary to supply ¿words not contained in the deed. It is true that the blank might have been so filled up, or such words might have been inserted in the deed before its execution, as would have amounted to a covenant, but as this was not done, the legal and natural inference is, that it was not the intention of the parties that such a covenant should be created. The liability of these defendants must depend on the terms they have used, and not on those they might have used. There are no cases in which the omission of a word, in the draft of a contract, will be supplied, where it appears to have been occasioned by accident, or mistake, and the meaning of the parties is sufficiently apparent, but the inference naturally arising in the case is, that the parties omitted to fill the blank in the part of the printed form calculated for a covenant of seizin, because they did not intend to have such a covenant in the instrument. But be this as it may, the deed does not contain the covenant set out in the first count, and we do not perceive anything on the face of it, from which the intention of the parties can be soaseertained as to authorize us to supply the omission. ■ It is very evident, that the latter clause of the sentence,. “have good right, full power, and lawful ■ authority'to sell and convey, in manner aforesaid,” relied on by plaintiff’s counsel, does not remove the difficulty, because there is nothing preceding those words that points out the person of whom they are predicated. They were intended to apply to the person who should enter into *322 the covenant, but as the name of no person has been inserted, they are words without meaning.
2. The second ground is, that if the covenant of a general warranty binds the defendants at all, it does not bind them in the character in which they are sued.
It appears from the deed that the defendants were the executors of the last will and testament of George Brown, deceased.; that the land described in the deed was a part of his real estate; that the deed was executed in obedience to an order of the court of probate by the defendants, in their character of executors, and that the object of the deed was to pass the title of the testator, and nothing more.
In the covenant of warranty, they bind themselves as executors to warrant and defend the premises as far as executors are bound by 'law to do.
*The plaintiff’s counsel contends, that on this covenant the executors are personally bound, and are liable to answer the damage from their private funds, and he relies on the ease of Duval v. Craig, 2 Wheat. 46, and the authorities there cited. The principle on which this point was decided in that case admits of no doubt. Trustees and agents may bind themselves personally, and subject their private funds, though they are under no obligation to do so, and if they do so. bind themselves, they will be held to their contracts, notwithstanding their fiduciary character clearly appears. A person may describe himself as executor, or trustee, and yet bind himself as firmly and as extensively as if that description had been omitted.
The terms that are used in a contract to show the character or relation in which the parties stand, may be so used as to amount only to matter of description, or they may be so used as to limit and qualify the extent of their liability. In the cases referred to, the former was the fact, and the defendants were held personally responsible. But there is a striking difference between those cases and the one before us. Here the defendants not only describe themselves as executors of George Brown, professing to convey the title which he held at the time of his death, in pursuance of an order of the court of probate, but they expressly qualify and limit the operation of their covenant, so as to show that it was not the intention of either party that they should be personally bound. They undertake that they will warrant the title, as far as *323 executors are bound by law to warrant, but the statute under which the order was made, and the deed was executed, does not require them to warrant in any form, or to any extent.
It can not be necessary to consider the authorities cited, to show that contracts are construed according to the intention of the parties, and that the intention must be gathered from the whole contract, nor will it be contended that the clause qualifying this covenant can be rejected. The terms used in that clause show' it was not the understanding of the parties that the defendants were to be personally bound, which is decisive of the present question.
*3. The third ground, is, that the count on the covenant of general warranty does not contain an averment of eviction.
It has already been decided in this case, that this deed does not contain a covenant of seizin, consequently the validity of the third objection will depend on the interpretation of section 1 of the statute “ declaring the law in certain cases of actions upon covenants real.” In Innes v. Agnew, 1 Ohio, 389, it was decided by this court that this section did not apply to deeds, which contained a covenant of seizin, but to such only as contained a covenant of warranty, without a covenant of seizin. The question now presented is, does it, in such cases, authorize the action without averring an eviction. Such was probably the intention of the legislature, but it seems to admit of serious doubts, whether that intention is sufficiently expressed. The first part of the section authorizes an action of covenant on a deed containing covenants of general warranty, in the same manner as if the deed had contained also a covenant of seizin. Thus far the statute does not change the common law. The latter part of the section provides that such action may in like manner be commenced before the grantee shall have been evicted, etc. Now, as the former part of the section authorizes the action on the covenant of warranty in the same manner as if the deed had contained also a covenant of seizin, the question may be made, whether the phrase in like manner in the second part, does not mean in the same manner as if the deed had also contained a covenant of seizin, or, in other words, whether this be not' the fair construction of the section, that on a covenant of general warranty in a deed, which does not contain a *324 covenant of seizin, the grantee may maintain an action of covenant, in the same manner as he might have done, at common law, if the deed had also contained a covenant of seizin, and that such action may be commenced before eviction, in like manner as it might have been commenced at common law, before eviction, if the deed had contained also a covenant of seizin. But it has not been thought necessary to decide this point, as the case is fully disposed *of without it. For the same reason, I shall forbear any remarks on the fourth and last point.
It is the opinion of the court that on the first and second grounds, the demurrer must be sustained.
Judgment for the defendant.†

N“ote by the Editob. — The statute upon which the last branch of this decision was made was repealed, but re-enacted substantially in 1824, Chase, 1358, and this was entirely repealed in 1831, 29 Ohio L. The decisions under this act are, i. 389, the above case, and iii. 525. The law, as it now seems to be settled by the decisions in Ohio, relating to breach of the covenants of a deed, is: 1. That the covenant of warranty is not broken till after eviction by title paramount, v. 154; xvii. 66. 2. That any disturbance of the warrantee’s possession which is equivalent to eviction — as the assignment of dower, xvii. 66; a recovery in ejectment, though tenant is still in possession, v. 151 — is a breach of the warranty. 3. That the covenants of seizin, and power to convey, are beal, and run with the land, when the covenantor is in possession of the land at the time it is conveyed, xvii. 52; and personal when he is not in possession, xvii. 52. 4. These last-named covenants, when they run with the land, are only broken upon an eviction or its equivalent; but1 when they are personal, they are broken when made, if grantor has no title, iii. 211; xvii. 52. For a learned summary of the law relating to covenants of deeds, see Mr. “Wilcox’s note, x. 317, which is also found in his Digest, 167.